UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES SMITH, | ) | 1:08-CV-01089 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING SUCCESSIVE |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS PURSUANT TO |
| | ) | 28 U.S.C. § 2244(b) |
| | ) | |
| HEDGPETH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has returned his consent/decline form indicating consent to Magistrate Judge jurisdiction.

In the petition filed on July 29, 2008, Petitioner challenges the same convictions out of San Mateo County that he did in the petition filed in case no. 1:06-CV-01040 AWI SMS HC. That case was transferred to the Northern District of California on November 3, 2006. In the instant petition as in the previous petition, he complains of false imprisonment and illegal restraint.

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the

constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED as successive. The Clerk of Court is DIRECTED to enter judgment and terminate the action.

IT IS SO ORDERED.

**Dated:   October 20, 2008**           /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE